IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3208-FL

| JAMES WILLIAM LOMICK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. CHARLES LEWIS, DIANE BROWNING, EMILY BROWN, WENDY HERRING, and PHILLIP TOLMAN, | ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 33, 38, 45, 59), plaintiff's motion for entry of default as to defendant Emily Brown (DE 37), and defendant Brown's motion to set aside entry of default (DE 47). The motions to dismiss were briefed fully, and plaintiff did not respond to the motion to set aside entry of default. In this posture, the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on June 23, 2020, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution. Defendants, sued in their individual capacities, are Dr. Charles Lewis, a medical doctor at the Pender Correctional Institution

---

[1] The court constructively amends the caption of this order to reflect the correct spellings of defendants' full names.

("Pender C.I."); Diane Browning, a family nurse practitioner at the Pender C.I.; Phillip Tolman, a physician's assistant at the Pender C.I.; and Emily Brown and Wendy Herring, both of whom are nurses at the Pender C.I. As relief, plaintiff seeks compensatory and punitive damages.

Defendants each filed the instant motions to dismiss the claims asserted against them. Defendant Browning filed her motion on May 20, 2021; defendant Tolman filed his motion on May 27, 2021; defendants Brown and Herring filed their collective motion on May 28, 2021; and defendant Lewis filed his motion on July 30, 2021. As noted above, these motions were briefed fully.

While the parties were briefing the motions to dismiss, plaintiff filed the instant motion for entry of default as to defendant Brown on May 26, 2021. Defendant Brown moved to set aside entry of default on May 28, 2021, and plaintiff did not respond to this motion.

## STATEMENT OF FACTS

The facts, as alleged in plaintiff's complaint, may be summarized as follows. On March 3, 2020, plaintiff declared a medical emergency due to a kidney stone that was causing severe pain in his left side and blood in his urine. (Compl. (DE 1-1) at 2).[2] Defendant Lewis saw plaintiff in the medical clinic on March 4, 2022, but he did not examine plaintiff or order an x-ray. (Id.). Defendant Lewis instead instructed plaintiff to return to his housing unit and let the kidney stone pass naturally. (See id.).

Over the course of the next 46 days, the stone did not pass, and plaintiff suffered excruciating pain. (Id. at 3–6). In addition to the severe pain, plaintiff was passing blood in his

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

urine on a daily basis. (Id.). Plaintiff declared five additional medical emergencies during this time period, but unspecified defendants told him to let the stone pass naturally without ordering an x-ray, examining plaintiff, or sending him to the hospital. (Id.). Defendants also did not provide pain medication. (See id. at 3). Although plaintiff does not allege which defendants saw him on specific days, he alleges that he complained "every single day" to defendants. (Id. at 6). He further describes undated medical appointments when defendants saw plaintiff but failed to provide treatment for the kidney stone and otherwise disregarded his condition. (Compl. (DE 1) ¶ V).

On April 17, 2020, Pender C.I. medical staff sent plaintiff to a local hospital's emergency department, where the attending physician ordered a CT scan. (Id. at 5). The CT scan revealed a large kidney stone that would not pass naturally, and plaintiff was scheduled for immediate surgery to remove the stone. (Id.).

**COURT'S DISCUSSION**

A. Motions for entry of default and to set aside

The court begins with plaintiff's motion for entry of default as to defendant Brown, and defendant Brown's related motion to set aside (preemptively) entry of default against her. Federal Rule of Civil Procedure 55(a) provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court may set aside entry of default upon a showing of good cause. See Fed. R. Civ. P. 55(c).

When deciding whether to set aside default, a court should consider factors such as whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the adverse party, whether there is

3

a history of dilatory action, and the availability of sanctions less drastic than entry of default. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 205 (4th Cir. 2006). The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010)

Here, defendant Brown has a potentially meritorious defense, she was not personally responsible for the default, and she acted promptly in seeking to cure the default. (See DE 48). If default had been entered, the court would find good cause to set it aside. Fed. R. Civ. P. 55(c). Accordingly, plaintiff's motion for entry of default will be denied, and defendant Brown's motion to set aside default is moot.

B.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

4

Case 5:20-ct-03208-FL   Document 70   Filed 03/31/22   Page 4 of 8

2.  Analysis

Defendants argue that plaintiff fails to allege an Eighth Amendment violation. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (1996). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotations omitted).

The first prong is objective – the inmate must allege that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (internal quotations omitted). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

The second prong is subjective – the inmate must allege that "subjectively the officials acted with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted). The mental state for "deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer, 511 U.S. at 837. A plaintiff therefore must allege the prison official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the

5

official's action or inaction." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Farmer, 511 U.S. at 837–39).

Deliberate indifference is thus "a particularly high bar to recovery." Iko, 535 F.3d at 241. For claims involving medical care, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Negligence or medical malpractice in diagnosis or treatment are not exceptional circumstances. See id.; see also Estelle v. Gamble, 429 U.S. 97, 105–08 (1976). Finally, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844; Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003)

Plaintiff has alleged these elements. The allegations, construed in the light most favorable to plaintiff and drawing all reasonable inferences in his favor, establish that defendants effectively ignored his serious medical need – a kidney stone that caused excruciating pain and blood in his urine – for 46 days. (See Compl. (DE 1) ¶ V; DE 1-1)). While it is true that some of the defendants evaluated plaintiff and determined the stone would pass naturally, at the pleading stage the court cannot find that this course of treatment was sufficient under the circumstances, particularly where the stone did not pass after the first few weeks of delay, plaintiff continued to suffer from alarming amounts of pain and blood in his urine, and defendants provided no pain medications or other meaningful treatment. See De'lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013) (explaining a "total deprivation of care is not a necessary condition for finding a constitutional violation").

6

Case 5:20-ct-03208-FL   Document 70   Filed 03/31/22   Page 6 of 8

Defendants argue this case is governed by Estelle, where the Supreme Court held that decisions regarding whether to order an x-ray or refer the inmate for further treatment are medical judgments that do not establish deliberate indifference. 429 U.S. at 107. In Estelle, however, the defendant provided plaintiff with some treatment for his back injury, including by ordering bed rest, pain medications, and muscle relaxants. Id. Here, plaintiff was not given any pain medications, and his symptoms were more severe than the back injury in Estelle. (See Compl. (DE 1-1) at 2–6). "Medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." Gordon v. Schilling, 937 F.3d 348, 360 (4th Cir. 2019). While the factual record may support defendants' claim that this case establishes no more than a disagreement about the proper course of medical care, plaintiff has alleged sufficient facts for the court to draw a reasonable inference that defendants were deliberately indifferent. (See Compl. (DE 1-1) at 2–6).

Finally, defendants complain that plaintiff failed to allege sufficient facts to establish their personal involvement in the alleged mistreatment. Although plaintiff could have been more detailed about which defendants denied medical care on specific dates, the complaint permits the reasonable inference that on various dates between March 3 and April 17, 2020, defendants did not provide constitutionally adequate medical care for plaintiff's kidney stone. (Compl. (DE 1) ¶ V; DE 1-1 at 2–6). Accordingly, plaintiff has alleged sufficient facts to establish defendants' personal involvement.

Defendants also assert the affirmative defense of qualified immunity. However, "[a] prisoner's right to adequate medical care and freedom from deliberate indifference to medical needs has been clearly established by the Supreme Court and this Circuit since at least 1976 and,

thus, was clearly established at the time of the events in question." Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016). In other words, because plaintiff has alleged deliberate indifference to serious medical needs, he survives defendants' qualified immunity defense at this stage. See id.

Finally, defendants also move to dismiss any state law claims alleged in the complaint. In response, plaintiff asserts that he is not alleging medical malpractice or other state law claims in this action. (DE 55 at 5; DE 63 at 6). Accordingly, going forward, the only remaining claim in this action is the Eighth Amendment deliberate indifference claim premised on denial of medical care.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss (DE 33, 38, 45, 59), and plaintiff's motion for entry of default as to defendant Brown (DE 37) are DENIED. Defendant Brown's motion to set aside entry of default (DE 47) is DENIED as moot. The clerk is DIRECTED to amend the caption to reflect the correct spellings of defendants' names, as set forth in the caption of this order. An initial order will follow.

SO ORDERED, this the 31st day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge